George Panagiotou (263172)
2404 Broadway
San Diego, CA 92102
Office: 858-300-0033
george@olympuslawcorp.com

Law Office of Stephan A. Hoover
Stephan A. Hoover, Esq. (299790)
stephan@hooverlawsd.com
P.O. Box 723
Carlsbad, CA 92018
Telephone: (760) 707-3453
Facsimile: (760) 687-0013

Attorney for Debtor,
Bistermu Mora Salgado

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**Bistermu Mora Salgado,**<br><br>Debtor.<br>―――――――――――<br>**Bistermu Mora Salgado,**<br><br>Movant,<br>vs.<br><br>**Lendify Financial, LLC,**<br><br>Respondent. | Case No. 19-02556-LT7<br><br>Chapter: 7<br><br>**Attorney's Disclosure of Postpetition Compensation Agreed to be Paid with Debtor**<br><br>Date:  April 2, 2020<br>Time: 10:00 a.m.<br>Dept:  3, Room 129<br><br>Judge: Hon.   Laura S. Taylor |

**TO THE HONORABLE LAURA S. TAYLOR, UNITED STATES BANKRUPTCY JUDGE AND THE UNITED STATES TRUSTEE:**

This disclosure is made by Stephan A. Hoover as counsel for the Debtor and is the initial compensation disclosure by Stephan A. Hoover in the above-captioned bankruptcy case, identified as Case Number 19-02556-LT7 (the "Bankruptcy Case"). Pursuant to 11 USC § 329(a) and Fed. R. Bankr. P. 2016(b), I disclose that I am an attorney for the Debtor and that compensation was agreed postpetition to be paid to me for services rendered or to be rendered on behalf of the Debtor in connection with the Bankruptcy Case. The Debtor has now received a discharge.

The postpetition agreement was entered into with the debtor post-discharge and while the case was closed. For legal services, I agreed postpetition to accept an hourly fee of $315.00 per hour, on a contingency basis. Prior to the filing of this statement, I have not received money from the Debtor postpetition, and the balance due is still to be determined. The source of the compensation agreed postpetition to be paid to me is still to be determined. I have agreed to share the above-disclosed postpetition compensation with other persons who are not members or regular associates of my law firm within the meaning of Fed. R. Bankr. P. 9001(10). A copy of the agreement, together with a list of the names of the people sharing in the postpetition compensation, is attached.

In return for the above-disclosed fee, I have agreed to render legal service in the post-discharge contested matter for willful violation of the automatic stay (the "Contested Matter"). By the agreement with the debtor, the above-disclosed fee does not include representation in any adversary proceeding or appeal of the Contested Matter.

///

///

///

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor in this bankruptcy proceeding.

**Law Office of Stephan A. Hoover**

Date: February 8, 2020    By: /s/ *Stephan A. Hoover*
Stephan A. Hoover
Attorney for Debtor

## JOINT PROSECUTION AGREEMENT
### IN RE BISTERMU MORA SALGADO AND MARIA LUCILLA RANGEL-ACOSTA:

This agreement shall set forth the terms of a co-counsel agreement for George Costa Panagiotou ("Panagiotou") and Law Office of Stephan A. Hoover ("Hoover") in the matters of Bistermu Mora Salgado v. Lendify Financial, LLC and Maria Lucilla Rangel-Acosta v. Oportun.

1. **ATTORNEY'S FEES**   Panagiotou and Hoover agree to work together in the litigation and to share any net amount of attorneys' fees awarded or received from the litigation, after deduction of out-of-pocket costs, as follows: 50% to Panagiotou and 50% to Hoover.

2. **COSTS AND EXPENSES**
    a.) COSTS: Panagiotou and Hoover agree to split the costs of the litigation with each firm responsible for 1/2 of said costs, including, but not limited to, filing fees, appearance fees, court fees, motion fees, jury fees, certified shorthand reporter's fees, fees for service of process, consultant fees, interpreter fees, witness fees, and payments to expert witnesses. All expenses are to be reimbursed out of any amounts awarded or received from the litigation prior to the calculation of the division of attorney's fees.
    B.) NORMAL COSTS AND EXPENSES: Normal internal costs of each firm, such as copying charges and telephone charges, shall be paid by each firm but billed as expenses as allowed at the conclusion of the case. Such costs and expenses do not include payment of salaries or wages for attorneys or legal staff working on the litigation. All reimbursable costs are to be reimbursed out of any amounts awarded or received from the litigation prior to the calculation of the division of attorney's fees.

AGREED TO AND ACCEPTED

Dated: __9/16__, 2019                             GEORGE COSTA PANAGIOTOU

                                                  _____
                                                  GEORGE PANAGIOTOU

Dated: __10/5/19__, 2019                          LAW OFFICE OF STEPHAN A. HOOVER

                                                  _____
                                                  STEPHAN A. HOOVER

1