TENTATIVE RULING

ISSUED BY JUDGE LAURA S. TAYLOR

Debtor:    BISTERMU MORA SALGADO & MARIA LUCILA RANGEL-ACOSTA

Number:    19-02556-LT7

Hearing:    10:00 AM  Thursday, April 2, 2020

Motion:    DEBTOR'S MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION AGAINST LENDIFY FINANCIAL, LLC A/K/A AURA FINANCIAL, LLC FILED ON BEHALF OF BISTERMU MORA SALGADO

Hear.

In light of the current public health emergency, the Court has determined that all hearings will now be TELEPHONIC until further order.  Personal attendance at the April 2, 2020, hearing in this matter is therefore excused.  All interested parties are to appear – and the public may freely monitor – by telephone.  Please contact the courtroom deputy clerk at 619-557-5157 to make the necessary arrangements.

The Court is extremely unimpressed by the late "filed" opposition by Lendify/Aura ("Respondent"), and the Court has not decided the extent to which the opposition will be considered or the extent to which Respondent will be allowed to participate in the process, but the Court is concerned about the BNC notice.

**Background**

**The Claim**

On or about March 2, 2018, debtor Bistermu Mora Salgado ("Debtor") entered into an agreement with Respondent for a loan.

**The Bankruptcy Case**

On April 30, 2019, Debtor and his wife filed a petition in bankruptcy under chapter 7.  Debtor included Respondent in his schedules as a creditor and included Respondent in his creditor matrix with the address of 225 Bush St., San Francisco, CA 94104. (Dkt. No. 1, pgs. 23, 55).

Notice of the bankruptcy case was sent to Respondent at the 225 Bush St. by the Bankruptcy Notification Center ("BNC"). Dkt. No. 7. The Notice of Chapter

7 Bankruptcy Case states:

> The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Dkt. No. 7.

**Stay Violation**

On July 3, 2019, Respondent filed a small claims case in the Superior Court of California, County of San Diego, Case. No. 37-2019-00034998-SC-SC-CTL. Respondent asserted a claim of $1,691.01 stating "Defendant is delinquent under Defendant's loan agreement with Lendify Financial LLC dated 3/2/2018 and has not shown willingness to pay the delinquent amount." Respondent identified the date of delinquency as December 26, 2018. (Mora Dec. ¶5, Exhibit C). Respondent sought "Principal owed + finance charges + late fees". (Mora Dec. ¶5, Exhibit C). The date for trial was set for October 7, 2019. (Mora Dec. ¶5, Exhibit C).

**Discharge Violation**

On August 6, 2019, the Court entered its Order Discharging Debtor. Dkt. No. 14. On August 9, 2019, the BNC sent notice of the discharge to Respondent at the 225 Bush St. address. Dkt. No. 15. The Discharge Notice states:

> This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

Dkt. No. 15.

Respondent did not dismiss the small claims action. Rather, on October 7, 2019, Respondent obtained a judgment for $1,237.00 in principal and $115.00 in costs ("Judgment".)

**TimeLine:**

March 2, 2018, Debtor entered into an agreement with Respondent for a loan.

April 30, 2019, Debtor filed a petition in bankruptcy under Chapter 7 – BNC notice to Lendify at 225 Bush St., San Francisco, CA.

August 6, 2019, Discharge Order entered.

August 9, 2029, BNC to Lendify at 225 Bush St.

February 14, 2020, Debtor filed and served Motion for Sanctions. Notice provided that opposition was due 14 days from service plus 3 days if served by mail. Opposition due March 2, 2020.

February 18, 2020 Respondent commenced wage garnishment.

February 19, 2020, CT Corporation transmits Motion and supporting declarations to Respondent. Respondent alleges that "Promptly upon receipt of the Motion, before receiving any garnished wages, Aura cancelled the garnishment procedure."

March 18, 2020, Aura contacted counsel Kimberly Winick about the Motion.

March 25, 2020, Attorney Winick called Debtor's counsel Stephan Hoover.

March 26, 2020, attorney Hoover responded by email (which included settlement discussions).

March 31, 2020, attorney Winick's legal assistant emailed a copy of Aura's opposition directly to Judge Taylor.

**Respondent's Opposition**

The parties should be prepared to discuss the extent to which the Court should consider Respondent's opposition and allow Respondent to participate going forward. There is no question that the Motion was properly served on Respondent's agent for service of process on February 14, 2020. Respondent's own documents indicate that the Motion was transmitted to Respondent by the agent at the proper address on February 19, 2020. However, according to Respondent's counsel, Respondent did not contact counsel about the Motion for nearly a month and well after the March 2, 2020 filing deadline had passed. Counsel then waited a week before contacting Debtor's counsel. Counsel did not get the opposition to the Court until a month and a half after the Motion was filed, and then sent it quite improperly directly to the Judge, despite the fact that the Court's electronic filing system is functioning properly and all of the Court's phones are operational, including those of the Court's law clerk, judicial assistant, and courtroom deputy. Respondent's counsel should have known better than to contact the Judge directly. Counsel also should have known better than to disclose communication from Debtor's counsel which includes settlement

discussions.

The Court will also want status as to steps Respondent has taken to set aside the judgment against Debtor.

The Court also is inclined to allow the Debtor to conduct discovery as desired to establish that Respondent received actual notice of the bankruptcy case and/or the discharge order.